UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO RAMOS VILLANUEVA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>Respondents. | Case No.: 25-cv-3679-CAB-SBC<br><br>**ORDER PARTIALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

On December 19, 2025, Petitioner Luis Antonio Ramos Villanueva filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").] Petitioner claims he is being detained by Immigration and Customs Enforcement ("ICE") in violation of the Fifth Amendment.  [Petition at 11–12.]  He seeks immediate release or, at minimum, a bond hearing before a neutral decisionmaker.  [*Id.* at 14–15.]

For the following reasons, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing as described below.

///

## I. BACKGROUND

Petitioner is a Mexican national who applied for entry to the United States at the San Ysidro Port of Entry on January 9, 2025. [Petition at 7.] He was determined to be an inadmissible arriving alien, placed into expedited removal proceedings under 8 U.S.C. § 1225(b)(1), and taken into immigration detention. [*Id.*; Doc. No. 6 at 2.] After a positive credible fear determination, removal proceedings under 8 U.S.C. § 1229(a) were initiated. [Petition at 7.] On August 1, 2025, an immigration judge ordered Petitioner removed to Mexico. [*Id.* at 8; Doc. No. 6 at 2.] Petitioner has appealed that decision to the Board of Immigration Appeals ("BIA"). [*Id.*]

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

### A. Jurisdiction

Respondents challenge this Court's jurisdiction based on 8 U.S.C. § 1252(g). [Doc. No. 6 at 3–4.] Section 1252(g) provides in relevant part: "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

As the Supreme Court reasoned in *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999), § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Id.* (emphasis in original); *see also Ibarra-Perez v. United States*, 154 F.4th 989, 991 (9th Cir. 2025) ("The Supreme Court has instructed that we

should read § 1252(g) narrowly."). Accordingly, § 1252(g) does not bar the "many other decisions or actions that may be part of the deportation process[,]" including the decision "to refuse reconsideration" of the "final order that is the product of the adjudication." *Reno*, 525 U.S. at 482. Moreover, "[i]t is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Id.*

Here, the Petition does not contest the decision to commence proceedings, the adjudication of Petitioner's removal case, or any action to execute a removal order. Rather, Petitioner seeks review of the legality of his detention, arguing that the length of time he has been detained violates due process. He does not seek to relitigate in this Court the Immigration Judge's order of removal; indeed, he is separately pursuing an appeal with the Board of Immigration Appeals. The sole relief Petitioner seeks here is release from custody while his asylum case is adjudicated. Accordingly, the Court is satisfied of its jurisdiction and proceeds to the merits.

### B. Due Process Claim

Petitioner argues that his prolonged detention—nearly thirteen months—violates his Fifth Amendment right to due process. [Petition at 11–14.] Respondents counter that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved, including his claim for asylum. [Doc. No. 6 at 4–9.]

As this Court recently held in *L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 6 (S.D. Cal. Jan. 16, 2026), a due process violation may occur when § 1225(b)(1) results in practically indefinite civil detention. Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b)(1) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the

government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). As to the second factor, Petitioner has appealed the immigration judge's decision to the BIA; his appeal remains pending. [Petition at 13.] Given the backlog of cases before the BIA and the possibility of a subsequent appeal to the Ninth Circuit, the Court finds this factor weighs in Petitioner's favor. The third factor favors Petitioner as he is detained at a secure facility and he alleges that the facility is providing him inadequate medical treatment. [*Id.* at 14.] The fourth and fifth factors are neutral given that both Parties contributed to delays in the adjudication of Petitioner's case. [*See* Petition at 7–8 (detailing timeline of Petitioner's hearings, including Petitioner's change of counsel and additional time granted for Petitioner to prepare relief application).] Finally, as to the likelihood that the removal proceedings will result in a final order, the Court finds this factor neutral. *See Banda*, 385 F. Supp. 3d at 1120 (finding sixth factor neutral where petitioner's asylum application was on appeal and court had no information to determine whether petitioner may be removed).

In sum, factors two, four, five, and six are neutral, but factor one—the most important—and factor three favor Petitioner. The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b)(1) without a bond hearing violates his right to due process. Petitioner is entitled to a prompt and individualized bond hearing before an immigration court, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) ("Given the substantial liberty interest at stake . . . we hold that the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify

denial of bond[.]"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [petitioner] is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)).

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. The Court therefore **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing as described above within fourteen days of the date of this Order. The Parties must provide the Court a joint status update on the outcome of the bond hearing within two business days of its occurrence.

It is **SO ORDERED**.

Dated: January 26, 2026

Hon. Cathy Ann Bencivengo
United States District Judge